ROBERTSON, Justice:
Larry Glenn Matthews appeals from an Order of the Circuit Court of the First Judicial District of Hinds County, dismissing his petition for writ of error coram nobis.
Matthews was indicted on April 5, 1972, for forging a bank check of Speed Mechanical, Inc. The State had other check *141 forgery charges against Matthews but agreed that if Matthews would plead guilty to the one indictment against him, the other charges would be remanded to the .files. Matthews did this on June 2, 1972, and the following Order was entered by the Court:
“IT IS THEREFORE ORDERED AND ADJUDGED that the defendant, Larry Glenn Matthews, for such his crime of Forgery, to which he has freely and voluntarily entered a plea of guilty, be and he is hereby sentenced to serve a term of 5 years in the State Pen., S years suspended, 5 years probation, a condition of which will be that he be committed to the State Mental Hospital, Payment of court costs.” [Emphasis added],
Matthews did not follow through and commit himself to the State Mental Hospital, but instead left Mississippi on June S, 1972, and went to California. An affidavit of probation violation was filed on July 12, 1972, charging Matthews with:
“Absconding from supervision without authorization, fleeing from the State of Mississippi to the State of California and failing to enter the State Hospital at Whitfield, Mississippi for mental treatment as heretofore ordered by the Circuit Court of Hinds County.”
Matthews was extradited and Officer B. F. Blakeney of the Jackson Police Department returned Matthews to the Hinds County jail in Jackson about 12:30 A.M., July 14, 1972. Matthews was awakened about 8:30 A.M., July 14th, and brought before the Circuit Court for his revocation hearing. He was allowed to notify his mother and she was with him at the hearing.
In early July, 1972, the Hinds County grand jury returned two more indictments against Matthews based on two of the forged check charges which had been remanded to the files. Without benefit of legal counsel, Matthews pleaded guilty to the probation violation and also the two additional indictments, Matthews and his mother testifying that he did this because Officer Blakeney advised Matthews that if he did not plead guilty that he could receive two additional five year sentences to run consecutively rather than concurrently.
Appellant assigns as error that:
(1) He was given no prior notice of the revocation hearing, and was never served with a warrant for probation violation setting forth the grounds of violation;
(2) He was not represented by counsel at the revocation hearing, was not advised of his right to counsel, was not given an opportunity to call counsel, and was not advised of his right to delay the hearing in order to prepare his defense;
(3) His guilty plea was not freely and voluntarily given “but was instead obtained through the use of threats, trickery and deceit.”
The first assignment of error is well taken and we reverse and remand on that ground only.
In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court of the United States in setting forth the minimum requirements of due process for a probation or parole violation hearing said: “They include (a) zvritten notice of the claimed violations of parole; . . . [Emphasis added].
In the later case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court reiterated the minimum requirements of due process, saying, among other things, that: “[A] probationer or parolee is entitled to notice of the alleged violations of probation or parole, . . . .”
Because the evidence was insufficient to prove that the warrant, stating the claimed violations of probation, was ever served on Matthews, and because he did not receive *142 written notice of the time and place of the hearing for probation violation, we are of the opinion that the minimum requirements of due process were not met, and that the petition for writ of error coram nobis should have been sustained.
We, therefore, reverse and remand for a new revocation hearing, after reasonable written notice, of the time and place of hearing and the grounds for revocation of probation, has been served on Matthews.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.